IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILFRED SALAS,**

 Plaintiff,

vs.                Civ. No. 98-1397 JC\LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

 Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse and Defendant's Motion to Remand for Further Administrative Proceedings, both of which were filed on June 8, 1999. The Court, having considered the Motions, the Memoranda submitted by the parties and the applicable law, finds that the Motion to Reverse is well-taken and will be granted. The Motion to Remand is not-well taken and it will be denied.

### Proposed Findings

 1. Plaintiff alleged disability since September 10, 1993 due to heart disease, diabetes, pain, fatigue and dizziness. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing on June 20, 1995, the Commissioner's administrative law judge (ALJ) likewise denied the application, finding that the Plaintiff was not disabled at step 5 of the sequential analysis set out in *Thompson v. Sullivan,* 987 F.2d 1482 (10th Cir. 1993). On April 18, 1997, this Court remanded the case on the grounds that the ALJ had not obtained a residual functional capacity statement from a treating physician. The

1

Plaintiff provided such statements from two treating physicians. Both stated that Plaintiff could perform only sedentary work; if credited by the ALJ, their statements, along with Plaintiff's age, education and training, would have resulted in Plaintiff's being found disabled at step five of the sequential analysis. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Vocational Rule 201.14. However, the ALJ, stating that he credited the statement of a non-treating physician, found that Plaintiff could perform at least the full range of light work, and was therefore not disabled at step five. *Id.*[1]

3. The parties agree that the ALJ erred by failing to provide specific, legitimate reasons for his decision to credit the non-treating physician's opinion over the opinions of the two treating physicians. *See Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1995).[2] The sole issue here is whether the Court should remand this case to the Commissioner a second time, or simply reverse outright and award benefits to the Plaintiff.

4. When the record clearly establishes that the plaintiff is disabled, and when the application has been pending for a substantial amount of time, reversal, not remand, is appropriate. *See White v. Apfel*, 97cv2442 (S.D.N.Y. Dec. 10, 1998) 1998 WL 865639. Because the opinions of treating physicians are entitled to greater weight than the opinions of non-treating physicians in the absence of some indicia of unreliability, *see Turner v. Heckler*, 754 F.2d 326, 329 (10th Cir. 1985), and because neither the ALJ nor the Commissioner has even

---

[1] Plaintiff correctly points out that the non-treating physician actually opined that Plaintiff was capable of performing medium duty work. Had the ALJ credited this opinion, he should have found that Plaintiff could return to his former job, and thus, Plaintiff would have been found not disabled at step 4. Accordingly, the ALJ's opinion does not even adopt the opinions of the expert upon which he relied.

[2] The ALJ stated that the non-treating physician's opinion on disability was credited because it was "based on objective testing and supported by the evidence in the record considered as a whole." Tr. at 195. In fact, the non-treating physician performed no objective testing. The ALJ also never explained why he did not credit the two treating physician's opinions.

2

alleged any reasons the treating physician's opinions were unreliable, there is no basis for crediting the non-treating physician's opinion over the opinion of the treating physicians. Accordingly, the record as it currently stands clearly establishes that the Plaintiff is disabled. Further, because this case has been pending for nearly six years, it has been pending for a substantial amount of time. Reversal, not remand, is therefore appropriate.

## Recommended Disposition

I recommend that this case be reversed, with directions to award benefits to the Plaintiff. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE